UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ENCARNACION SALAS, IV,

                  Petitioner,

    v.

ATTORNEY GENERAL,

                  Respondent.

Case No. 2:22-cv-1864-BHS-TLF

ORDER TO SHOW CAUSE OR AMEND

This matter is before the Court upon petitioner's *pro se* filing of a petition for writ of habeas corpus. Dkt. 3. The Court has reviewed the petition and finds it is unexhausted. The Court therefore directs petitioner to show cause why the petition should not be dismissed or to file an amended petition curing the deficiencies identified in this order by **May 1, 2023**.

## BACKGROUND

Petitioner, who is currently confined at the Washington State Penitentiary, filed a petition for habeas corpus relief on December 30, 2022 and paid the filing fee. Dkt. 1, Docket entry dated January 13, 2023. The petitioner challenges his 2019 conviction of second degree murder, alleging a single ground of double jeopardy. Dkt. 3 at 5. Petitioner alleges he filed a direct appeal of his conviction, which was denied by the Washington State Court of Appeals, but states he did not seek any further review by a

ORDER TO SHOW CAUSE OR AMEND - 1

higher state court and has filed no additional petitions, applications or motions concerning his conviction. *Id*. at 2, 3. The petition further concedes that petitioner has not brought any appeal or other post-conviction petition based upon the ground asserted in his federal habeas petition. *Id*. at 6.

**DISCUSSION**

Under Rule 4 of the Section 2254 Rules, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

A state prisoner seeking habeas corpus relief in federal court must exhaust available state remedies prior to filing a petition in federal court. *See* 28 U.S.C. § 2254. Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). A petitioner must properly raise a habeas claim at every level of the state courts' review. *See Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James*, 24 F.3d at 24.

Here, petitioner filed a direct appeal in the state court of appeals, but he states that he did not seek review of that decision by the Washington Supreme Court. Dkt. 3 at 2. Furthermore, the sole ground in this federal habeas petition—double jeopardy—is not

ORDER TO SHOW CAUSE OR AMEND - 2

among the grounds petitioner claims he brought before the state court of appeals. *Id*. at 2 (listing direct appeal grounds as "instructing the jury on self-defense, violation of ER 404(b), admitting irrelevant and prejudicial expert testimony, violation of due process, supervision fees should be ordered stricken, cumulative errors"). Thus, petitioner did not present his federal claim to the state courts—and even if he had, it appears he has not properly exhausted his claims by presenting his claims in a complete round of the state's established review process.

Petitioner must show cause why the petition should not be dismissed for failure to exhaust, or (if he can truthfully do so) file an amended petition showing he has properly raised the claim brought in this petition at every level of the state courts' review.

## CONCLUSION

If petitioner intends to pursue this § 2254 habeas action, he must file a response to this Order or an amended petition on the form provided by the Court. The amended petition must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the petition, and not as a supplement.

If petitioner fails to adequately address the issues raised herein or file an amended pleading on or before **May 1, 2023**, the undersigned will recommend dismissal of this action.

ORDER TO SHOW CAUSE OR AMEND - 3

1  The Clerk is directed to provide petitioner with the forms for filing a petition for
2  habeas corpus relief pursuant to 28 U.S.C. § 2254.
3  Dated this 31st day of March, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge