UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENCARNACION SALAS, IV,<br><br>            Petitioner,<br>    v.<br><br>ATTORNEY GENERAL,<br><br>            Respondent. | Case No. 2:22-cv-1864-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR <u>JUNE 9, 2023</u> |

This matter is before the Court upon Petitioner's *pro se* filing of an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of his conviction for the crime of murder in the second degree. Dkt. 6. The amended petition presents double jeopardy as the sole ground for relief. *Id.* The petition has not been served on the Respondent. As discussed below, Petitioner has been given the opportunity to explain why his petition should not be dismissed as unexhausted. Petitioner has failed to demonstrate that he has exhausted his state court remedies.

For the reasons set forth below, the undersigned recommends that the petition be DISMISSED without prejudice because the claim raised is unexhausted. The undersigned further recommends that the Court DENY issuance of the certificate of appealability.

REPORT AND RECOMMENDATION - 1

BACKGROUND

Petitioner, who is currently confined at the Washington State Penitentiary, filed a petition for habeas corpus relief on December 30, 2022, and paid the filing fee. Dkt. 1, Docket entry dated January 13, 2023. He challenges his 2019 conviction for second degree murder, alleging a single ground for relief of double jeopardy. Dkt. 3 at 5. The original petition alleged that Petitioner filed a direct appeal of his conviction, which was denied by the Washington State Court of Appeals but stated he did not seek any further review by a higher state court and filed no additional petitions, applications or motions concerning his conviction. *Id*. at 2, 3. The petition further conceded that Petitioner had not brought any appeal or other post-conviction petition based upon the ground asserted in his federal habeas petition. *Id*. at 6.

On March 31, 2023, the Court issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust all available state remedies or to file an amended petition curing the deficiencies. Dkt. 5. Petitioner was advised that a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking federal habeas corpus relief on those claims. *Id*.; 28 U.S.C. § 2254(b)(1). Petitioner was advised that to properly exhaust his federal claims, he must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. Dkt. 5; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

On April 21, 2023, Petitioner filed an amended petition that is identical to the original petition. Dkt. 6. In the amended petition, Petitioner again affirmatively states that he has not directly appealed his conviction to the highest state court having jurisdiction nor has he raised the grounds for relief stated in his petition through a post-conviction

NOTED FOR JUNE 9, 2023 - 2

motion or petition for habeas corpus in a state trial court. *Id.* He states that he did not appeal to the highest state court having jurisdiction because he is "not an attorney." *Id.*

## DISCUSSION

Under Rule 4 of the Section 2254 Rules, the Court is required to perform a preliminary review of a habeas petition, and the Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A state prisoner seeking habeas corpus relief in federal court must exhaust available state remedies prior to filing a petition in federal court. 28 U.S.C. § 2254(b)(1). Claims for relief that have not been exhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan*, 526 U.S. at 844. To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.* at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

NOTED FOR JUNE 9, 2023 - 3

As the amended petition plainly states, Petitioner has not properly exhausted his claim for relief in the state courts. Although Petitioner filed a direct appeal in the state court of appeals, he states that he did not seek review of that decision by the Washington Supreme Court. Dkt. 6 at 2. Furthermore, the sole ground in this federal habeas petition—double jeopardy—is not among the grounds Petitioner claims he raised before the state court of appeals. *Id*. at 2 (listing direct appeal grounds as "instructing the jury on self-defense, violation of ER 404(b), admitting irrelevant and prejudicial expert testimony, violation of due process, supervision fees should be ordered stricken, cumulative errors"). Thus, Petitioner has not properly exhausted his claim for relief by presenting his claim in a complete round of the state's established review process.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under section 2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*.

1  Ann evidentiary hearing is not warranted in this case because, as discussed in
2  this report and recommendation, the petition may be resolved on the existing state court
3  record.

## CERTIFICATE OF APPEALABILITY

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a certificate of appealability (COA) should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that Petitioner not be issued a COA. No jurist of reason would have a valid basis for disagreeing with the analysis concerning the failure to exhaust state court remedies before filing a federal habeas corpus petition. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus without prejudice. The Court should not issue a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Petitioner shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 9, 2023**, as noted in the caption.

Dated this 25th day of May, 2023.

Theresa L. Fricke
United States Magistrate Judge